## Case No. 11,141.

### In re PIERCE et al.

[3 N. B. R. 258 (Quarto, 61); [1] 26 Leg. Int. 332; 16 Pittsb. Leg. J. 204.]

District Court, E. D. Pennsylvania. Oct. 8, 1869.

BANKRUPTCY—DISCHARGE—EFFECT OF PRIOR ASSIGNMENT—ACT OF BANKRUPTCY.

1. An assignment for the benefit of creditors, without any preference, sixteen days before the filing of the debtor's petition in bankruptcy, and when a creditor proceeding adversely was about to obtain a judgment, *held*, not to preclude the discharge of the bankrupt.

2. That such an assignment would be an act of bankruptcy under the 39th section of the bankrupt law [of 1867 (14 Stat. 536)], if adversary proceedings were instituted within six months, does not make it, in the absence of actual fraud, a bar to a discharge, under the 29th section.

3. Such an assignment, though voidable by the assignee in bankruptcy, is not void.

[Cited in Re Seeley, Case No. 12,628.]

The petition in this case was filed on December 31, 1869. The bankrupts [Pierce & Holbrook] having applied for their discharge, on the day appointed to show cause, October 8, 1869—

CADWALADER, District Judge, said:— Should the discharge of these gentlemen be unopposed, it will, nevertheless, be my duty, under the 32d section of the act of congress, to consider whether their execution of a general assignment for the benefit of their creditors, without any preference, sixteen days before their original petition in bankruptcy was filed, and when a creditor was about to obtain a judgment against them, constituted such a breach of their duty under the act, as to preclude their discharge. According to a decision in Goldschmidt's Case [Case No. 5,520], in the Southern district of New York, the discharge could not be granted, even though the assignment had been made more than six months before the commencement of proceedings in bankruptcy; and, if I were to follow that decision, the present case of an assignment of this kind, made within that period, would be more unfavorable to those bankrupts. The decision is, however, contrary to the views upon which I have acted in many former cases, and to views which I still entertain. I have in several cases adjudged such an assignment an act of bankruptcy under the 39th section of the act, if adversary proceedings under that section were instituted within the period of six months therein limited. But, even in such a case, I have not, in absence of actual fraud, considered the execution of such an assignment a bar to a discharge. Even where the assignment has been the sole foundation of the proceedings in bankruptcy, I have considered it not a void act, but an act voidable

---

[1] [Reprinted from 3 N. B. R. 258 (Quarto, 61), by permission.]

by the assignee in bankruptcy, under a bill in equity, filed for the purpose of avoiding it; and have sustained acts done under it previously in good faith. In one case I refused an injunction under such a bill, because the injunction would have prevented the working out of an equity beneficial to the creditors. In another case, I suspended granting an injunction and appointing a receiver until the completion of a beneficial sale by the assignee under a previous deed. In a third case, of a very suspicious kind, where a sale had apparently been forced by the assignee under the previous deed, at a sacrifice, and the bill was at the suit of the petitioning creditor, before the appointment of an assignee in bankruptcy, as the previous assignee was of unquestioned solvency, and might be liable for the full value of what had been sacrificed, I made a qualified and guarded order for a receiver and injunction, in such a form as would not interfere with the recourse of of the future assignee.

I am ready to hear an argument of any counsel who may desire the subject reviewed; but for the present am unable to follow the New York decision.

The forms prescribed by the judges of the supreme court contain a provision, that "if all or any of the debtor's property has been conveyed by word, or deed of assignment, or otherwise, for the benefit of creditors, the date of such deed should be stated, the name and address of the person to whom the property was conveyed, the amount realized from the proceeds thereof, and the disposal of the same." This must be set forth as far as possible under one of the heads of Schedule B, annexed to the original petition. In the present case, the deed was too recently executed for the fulfillment of all those conditions in the original petition. But when the bankrupts came to pass their last examination, the deficiencies ought to have been supplied. This, if they believed the trustee under the previous assignment to have executed his duty faithfully, might have required only the exhibition of a copy of the inventory and account.

But the duty of the bankrupts, and of the assignee in bankruptcy, did not begin or stop here. It is altogether unaccountable that the assignee in bankruptcy has made no report as to how he has settled, or why he has not settled, accounts with the previous voluntary assignee. If the whole estate went into the hands of the assignee in bankruptcy, as may be inferred from his inventory, he ought to have so reported; and he should now so report.

In the early part of the present century, when all English bankruptcies were still, in form, compulsory, a frequent, if not the most frequent, act of bankruptcy in England, was the execution by the debtor of a deed of composition. If all the creditors came in under it he was released, and they took his whole estate. If they did not, one of them petition-

ed in the adversary form, and the debtor was adjudged a bankrupt for having executed the deed. But in the absence of actual fraud, no debtor was ever precluded from a discharge by having made such an assignment. This continued until the year 1825. It had become an ordinary substitute for the former usual act of bankruptcy by denial to a creditor. Of course, if the assignee under the composition deed had received any part of the estate, it was accounted for to the assignee in bankruptcy.

In the present case, I think it may be reasonable to suspend granting a discharge, until the assignee in bankruptcy shall have filed and settled his account. It was part of the bankrupt's duty to his creditors, to see that the assignee's account was exhibited in proper season; and, in this case, there appears to have been either a large amount of assets, or a great necessity for a full report and explanation.

But if there is any reason against such delay counsel will be heard.

The voluntary assignment contains a provision to except from its operation "the separate property" of the wife of one of the bankrupts. If there was any property as to which such a statement was at all necessary, there should be a statement and explanation. They should, therefore, be furnished.